Caree Harper, SBN 219048
LAW OFFICES OF CAREE HARPER
The Marina Towers
4640 Admiralty Way Suite 500
Marina Del Rey, CA 90292
Tel. (213) 386-5078

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAREE HARPER,** | **CASE NO.: CV 17-1709** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES** |
| **v.** | **1. VIOLATION OF 42 U.S.C. §1983**<br>-EXCESSIVE FORCE<br>-FALSE IMPRISONMENT<br>-ASSAULT<br>-BATTERY<br>-SUBSTANTIVE DUE PROCESS<br>-DENIAL OF MEDICAL ATTENTION |
| **U.S. DISTRICT JUDGE OTIS D. WRIGHT; FORMER U.S.M.S. DIRECTOR STACIA A. HYLTON; U.S.M.S. DIRECTOR DAVID L. HARLOW; AKAL SECURITY; UNKNOWN U.S.M.S. DEPUTIES; UNKNOWN AKAL SECURITY GUARDS and DOES 1-10 *et. al.*, individually and in their official capacities.** | |
| | **2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| **Defendants.** | **3. DEFAMATION *PER SE*** |
| | **\*JURY TRIAL DEMAND\*** |

1

2

## JURISDICTION

3

1.    Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4).

4

This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the

5

United States Constitution, the laws of the State of California and common law principles

6

to redress a deprivation under color of state law of rights, privileges and immunities

7

secured to Plaintiff by said statutes, and by the First, Fourth, Eight and Fourteenth

8

Amendments of the United States Constitution.

9

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10

2.    At all times herein mentioned, Plaintiff CAREE HARPER was and is a resident of

11

the County of Los Angeles and licensed attorney in the State of California.

12

3.    At all times herein mentioned, Defendant DISTRICT COURT JUDGE OTIS D.

13

WRIGHT, was and is a United States District Court Judge in the Central District of

14

California.

15

4.    Former U.S. MARSHAL SERVICE ("USMS") DIRECTOR STACIA HYLTON

16

(hereinafter "HYLTON") was the Director of the USMS at the time of the incident in

17

question and was the supervisor of the UNKNOWN DEFENDANT DEPUTIES

18

("UDD").

19

5.    Defendant USMSDIRECTOR DAVID L. HARLOW (hereinafter "HARLOW") is

20

the current Director of the USMS and is the current supervisor of the "UDD"s.At all

21

times herein mentioned, HYLTON and HARLOW possessed the power and authority to

22

adopt policies and prescribe rules, regulations and practices affecting the operation of the

23

USMS, and particularly said SERVICE's court security, patrol, internal investigations

24

and training and personnel divisions and other operations and subdivisions presently

25

unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

26

6.    The "UDD"s are sued individually, and in their capacities as a peace officers, were

27

and are employees of the USMS acting within the scope of their employment and in their

///

28

///

1  individual capacities under the color of law.

2  7.    Defendant AKAL SECURITY is and at all relevant times was the employer of the

3  court security officers, commonly known as "blue jackets".  At all times herein

4  mentioned, AKAL SECURITY possessed the power and authority to adopt policies and

5  prescribe rules, regulations and practices affecting the operation of the blue jackets, and

6  particularly the court security, patrol, internal investigations and training and personnel

7  divisions and other operations and subdivisions presently unidentified to Plaintiff, and

8  their tactics, methods, practices, customs and usages.

9  8.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

10  designated as a "DOE" is intentionally and otherwise responsible in some manner for the

11  events and happenings herein referred to, and thereby proximately caused injuries and

12  damages as herein alleged.  The true names and capacities of DOES 1 through 10,

13  inclusive, and each of them, are not now known to Plaintiff who therefore sues said

14  Defendants by such fictitious names.  Plaintiff will amend this Complaint to show their

15  true names and capacities when same has been ascertained.

16  9.    Defendants, and each of them, did the acts and omissions hereinafter alleged in bad

17  faith and with knowledge that their conduct violated well established and settled law.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

## **BACKGROUND.**

10.    In July 2014, Plaintiff was retained to represent homeless pedestrian, Marlene Pinnock, who was viciously beaten by former California Highway Patrol ("CHP") Officer Daniel Andrew on a busy Los Angeles freeway. The daytime beating was captured on videotape and posted on the Internet by another motorist. The video went viral shortly thereafter. Ms. Pinnock, diagnosed as bipolar, was initially housed in a mental facility after the beating and was released after medication was reintroduced into her system. Physicians at the mental facility released Ms. Pinnock and she was again homeless[1]. Plaintiff provided Ms. Pinnock private medical staff, security, a driver, and housing in an exclusive community. With the assistance of the Plaintiff, Ms. Pinnock experienced the longest period of positive growth in her adult years.

11.    Plaintiff successfully negotiated a precedent setting settlement of Ms. Pinnock's excessive force case despite the Defendant Judge "staying" that litigation and usurping Plaintiff's ability to preserve valuable evidence by taking Ms. Pinnock's deposition which was scheduled by Plaintiff immediately in order to preserve evidence. Pursuant to the Settlement Agreement, the CHP officer was required to terminate his position in addition to a seven-figure settlement. Plaintiff placed Ms. Pinnock's portion into a special needs trust because this laborious extra step was in the best interest of the client and because Maisha Allums and her husband Robert Nobles confronted Plaintiff in the parking lot at the mental health facility while Ms. Pinnock was still being housed there, and demanded Plaintiff answer their most concerning questions: "When are we going get compensated for having to deal with her?! When are **we** going get paid back for what we went through with her?" This caused Plaintiff to lock up as much of Ms. Pinnock's funds as possible to preserve her wealth, although not legally mandated it was in the best interest of the client. Thus, with the exception of $25,000.00 all of Ms. Pinnock's funds were placed in a special needs trust which provided the added benefit of allowing Ms.

---

[1] She chose to live on the street instead of with her daughter because her daughter, MaishaAllums, stole money from her. (Recorded interview with national newspaper 8/4/14).

1  Pinnock to keep her State and county benefits.  Plaintiff's office received calls from all
2  around the world from well wishers to critics of Ms. Pinnock.  The world heard about the
3  bipolar homeless woman who was beaten on the side of the freeway by the CHP officer.
4  Nonetheless, Defendant Judge Wright chose not to check on Ms. Pinnock when the case
5  was filed, when the case was settled or when the case was dismissed but stated that he
6  found it necessary to summons attorneys into court and check on things after everything
7  completed- unbelievable.

8  12.    At the time of the settlement Ms. Pinnock had never had a conservator and had
9  never filed bankruptcy, unlike Defendant Judge Otis Wright who finalized a personal
10 bankruptcy the year beforeand became the only sitting Judge on the federal bench to do
11 so.  Having charged off a $12,000.00 shopping spree at Nordstroms as part of his
12 bankruptcy the Defendant Judge was furious to find that plaintiff's counsel, a female,
13 made a considerable amount of money in what he characterized as a relatively short
14 period of time.

15 *13.    It is well settled law that judges, acting in the course and scope of their duties, are*
16 *entitled to absolute immunity from personal liability arising out of the performance of their*
17 *judicial duties.*  The exception to that well-settled law is if the judge acts and has no jurisdiction
18 to do so.

19 14.    Plaintiff alleges that pursuant to the Dismissal with Prejudice[2] signed and filed by the
20 Defendant Judge on February 17, 2015, he did not have jurisdiction to have Plaintiff taken into
21 custody and jailed for two days.  Plaintiff also alleges that the Defendant Judge is not protected
22 from personal liability stemming from his slanderous comments in front of a multiple news
23 outlets on March 18, 2015, after dismissing the contempt citation on March 4, 2015.

24 ///

25 ///

---

[2] The docket report in the *Pinnock* matter, Case # 14-CV-5551 ODW-AS, shows that Document 63, an Order for Dismissal with prejudice,
26 was filed on 2/17/15 and entered on 3/4/15.  Doc. 63 was the order dismissing the last defendant from the action.  This document bears the
   signature of Defendant Wright and a stamp in boldface type that reads: **"CASE CLOSED",** effectively ending the jurisdiction of
27 Defendant Judge Wright.

28

1

## STATEMENT OF FACTS

2  15.    On March 2, 2015, Plaintiff appeared at a *suasponte*"status conference"in

3  Defendant Judge's courtroom at the U.S. District Court in Los Angeles.   Plaintiff

4  provided the court with the requested documents but was unexpectedly berated and

5  repeatedly asked questions that triggered attorney/ client privilege objections.  Plaintiff

6  requested counsel and requested that she be allowed to leave.  Both requests were denied.

7  Plaintiff alerted the court that she was having chest pains, and his response was to make

8  hand gestures and that triggeredmultiple US Marshals and blue jackets to forcefully and

9  physically seized Plaintiff.  Plaintiff screamed in pain as the group of 6-8 officers

10  violently wrenched her arms behind her back.  At this point the Defendant Judge ***stood***

11  ***from the bench, pointed, clapped and laughed at the Plaintiff***.  Plaintiff yelled out about

12  the use of force being administered as one short smirking White male deputy pointed a

13  Taser in the Plaintiff's face.  Plaintiff had previously cleared security and at no time did

14  she present a physical threat to anyone.

15  Plaintiff was denied immediate medical care even after advising the sadistic judge and

16  aggressive deputies of her medical conditions and chest pains.

17  16.    The Plaintiff asked the Defendant Judge if he was authorizing the force being used on her

18  and he again gestured with his hands.  Plaintiff alleges that the Defendant Judge engages in

19  sexual relations with court reporter(s)and through that intimate contact has developed signals

20  about going on and off the record without parties knowing.  This allegation was part of the

21  Judicial Misconduct Complaint the Plaintiff filed against the Defendant Judge in 2015.  When

22  confronted with this allegation as part of Ninth Circuit's investigation the Defendant Judge

23  stated that he "learned that it was error to go off the record without consent of all counsel and he

24  stopped that practice…"

25  17.    The USMS denied Plaintiff of medical care for several hours and was threatening when

26  she inquired as to when she would be treated.  The Plaintiff was eventually admitted to a local

27  hospital several hours later where she was continuously handcuffed to a gurney and subjected to

///

28  ///

several frightening tests.  One of which simulated a panic attack with the use of intravenous drugs.

18.   On March 3, 2015, Defendants denied the Plaintiff of her Constitutional right to vote when they wrongfully arrested, seized and imprisoned Plaintiff.  Once the Defendant Judge learned that Plaintiff had not spent the first night in the federaljail, he refused to allow her to be released, and instead maliciously ordered her booked into the Metropolitan Detention Center the second night.

19.   On March 18, 2015, the Defendant Judge later explained to an open courtroom that he intended to make "an example" out of the plaintiff.  The Defendant Judge bragged about his treatment of the Plaintiff and about how nothing could be done to him because he has a lifetime appointment on the bench.  Defendant stated that Plaintiff "exploited" her client because of the unconfirmed fee *he believes* Plaintiff charged.  These types of remarks are similar to accusing a priest of fondling children; or accusing a reporter of plagiarism; or accusing a judge of bribery- that is unless the judge has just filed bankruptcy while sitting on the bench.  These malicious and slanderous comments were made in open court in front of numerous media outlets, and they were intended to and did, in fact, harm Plaintiff's reputation in the community.  The Defendant Judge intended these salacious comments to end the career of the Plaintiff.

///

///

///

### FIRST CAUSE OF ACTION
### (VIOLATION OF FEDERAL CIVIL RIGHTS - EXCESSIVE FORCE, ASSAULT, BATTERY, FALSE ARREST/ IMPRISONMENT, CONSPIRACY, DUE PROCESS - 42 U.S.C. § 1983)
### (Against ALL Defendants & DOES 1-10 excluding Harlow)

20.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through   of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

21.    This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

22.    Commencing at or about the aforementioned date and place, without lawful cause justification or **jurisdiction**, and acting under color of law, Defendants, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to her, by the First, Fourth, and due process guarantees of Fourteenth Amendments to the United States Constitution.

23.    Defendants, and each of them, joined in and carried out a mutually supportive conspiracy to deprive Plaintiff of his rights against unreasonable seizures, and due process guarantees by participating in a mutually supportive, corrupt effort to fraudulently justify the violation of Plaintiff's rights on false accusations manufactured by a biased, bankrupt, angry judge and supported by Defendants and DOES 1-10.

24.    As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous systems, fear, anxiety, torment, degradation and emotional distress.

25.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount to be proven.

///

///

26.    In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from **voting**!  Plaintiff has suffered loss and of earnings and employment opportunities all to her damage in an amount to be proven.

27.    By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys' fees.

28.    The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants excluding HARLOW and DOES 1-10 and each of them, in an amount as proved.

### ASSAULT &BATTERY
### Against UDDs

29.    The Unknown Defendant Deputies and Blue Jackets assaulted and battered Plaintiff.

30.    By reason of the aforesaid acts, Plaintiff was placed in great fear for her safety and physical and emotional well being. Plaintiff was also subjected to non-consensual, physical violence at the hands of the UCC's.

31.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the Complaint for Damages, including, but not limited to, general and punitive damages.

///

///

///

## FALSE ARREST/IMPRISONMENT
### (Against Defendants excluding HARLOW& HYLTON)

32.    On or about March 2, 2015, at the District Court in Los Angeles, California, Plaintiff was caused to be unlawfully seized, arrested and booked by Defendants, and each of them, maliciously and without warrant or order of commitment,  due process, or any other legal authority and of any kind as plaintiff had not committed any crime or public offense.

33.    As a proximate result of the acts of defendants, and all of them, Plaintiff has suffered damages, loss and harm.

34.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Individual Defendants)

35.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 34 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

36.    On or about March 2, 2015, and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them, including but not limited to, the care, service and protection by Defendants.

37.    On or about said date, and thereafter, Defendants and each of them, intentionally caused Plaintiff to be illegally arrested, illegally detained, subjected to excessive and unreasonable force, and conspired among themselves to cover up their lawlessness and thwart plaintiff's right to recover damages by fraudulently casting plaintiff as a criminal offender. Prior to March 2, 2015, Plaintiff had never been arrested.

///

1  38.    In doing the aforementioned, Defendants' conduct was intentional, outrageous,
2  malicious, and done for the purpose of or with reckless disregard for the consequences,
3  causing Plaintiff to suffer emotional suffering and mental distress, the indignity of an
4  arrest, booking, fear, anxiety, and mental anguish.
5  39.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and
6  continues to suffer, mental and emotional distress and is entitled to and demands damages
7  against Defendants jointly and severally, as recited in the Complaint for Damages,
8  including, but not limited to general and punitive damages.
9
10                        **THIRD CAUSE OF ACTION**
                          **SLANDER *PER SE***
11
12  40.    Plaintiff incorporates by reference paragraphs 1-39 as though fully alleged hereto.
13  41.    On or about March 18, 2015, Defendant Judge Wright kicked Plaintiff's two
14  attorneys out of court, demounted the bench and held a bootleg townhall meeting in the
15  courtroom, bashing Attorney Harper. Defendant Judge maliciously, intentionally and
16  repetitively published, spoke, and otherwise communicated false and damaging
17  information about the Plaintiff to a group with a sinister intent and for the purpose of
18  "making an example" out of the Plaintiff and to support and defend his friend, DA Jackie
19  Lacey who Plaintiff repeatedly criticized for not charging former CHP Officer Andrew
20  for the viciously beating pedestrian Marlene Pinnock.  Said defamatory comments were
21  made afterthe case was dismissed and Defendant Judge Wright no longer enjoyed judicial
22  immunity.  Said comments led to other libelous comments by news organizations,
23  internet blogs further damaging Plaintiff's standing in the community a directly causing
24  Plaintiff to be terminated from the representation of another case involving a man shot in
25  Los Feliz.
26  42.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and
27  continues to suffer, mental and emotional distress and is entitled to and demands damages
28  ///

1 against Defendants jointly and severally, as recited in the Complaint for Damages,

2 including, but not limited to general and punitive damages.

3 ///

4 ///

5 ///

COMPLAINT FOR DAMAGES

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

      1.     For General damages according to proof;

      2.     For Special damages according to proof;

3.           For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

      4.     For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52, and 52.1;

      5.     For Costs of suit;

6.           For such other and further relief as the Court may deem proper.

DATED: 3/2/17

                                 LAW OFFICES OF CAREE HARPER

                                 By_____

                                     Caree Harper

                                     Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED: 3/2/17

                                 LAW OFFICES OF CAREE HARPER

                                 By_____

                                       Caree Harper

                                       Attorneys for Plaintiff